IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

      Plaintiff,                      No. CIV S-07-2361 MCE EFB PS

      vs.

UNITED STATES OF AMERICA,      ORDER

      Defendant.

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).
perspicacious

Upon review of the complaint, the court has determined that it fails to comply with Rule 8(a)(2), as it fails to set forth a short and plain statement showing entitlement to relief.  It also fails to satisfy the requirement of Rule 8(a)(1), as it does not include the grounds upon which the court's jurisdiction rests.  Fed. R. Civ. P. 8(a).

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2

of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff does not allege any facts to establish this court's diversity jurisdiction, and his vague references to various constitutional rights and to the Federal Tort Claims Act are insufficient to establish federal question jurisdiction. Mere reference to federal statutes and constitutional rights is insufficient to establish federal question jurisdiction. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question); *see also Kennedy v. H & M Landing, Inc*., 529 F.2d 987, 989 (9th Cir. 1976) (a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions).

Although plaintiff does not specifically invoke 42 U.S.C. § 1983, he does allude to violations of his constitutional rights. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegation that his First, Fourth, Fifth, Sixth, Seventh, and Fourteenth rights were violated is unsupported by any supporting factual allegations. He does not identify the person or persons who purportedly violated those rights, nor does he allege any specific facts surrounding the alleged violations. As such, the complaint fails to satisfy the notice pleading requirements of Fed. R. Civ. P. 8, and fails to state a claim for which relief may be granted.

Plaintiff's vague reference to the Federal Tort Claims Acts ("FTCA") is similarly insufficient to invoke this court's jurisdiction or to state a claim. As a jurisdictional prerequisite for suits against the United States, the FTCA requires the claimant to first file an administrative claim with the appropriate agency. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . .

unless claimant shall have first presented their claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency."); *see also McNeil v. United States*, 508 U.S. 106, 107 (1993) (the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 778 (9th Cir. 1984) (en banc) (section 2675(a) requires a claimant to file "a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and . . . a sum certain damages claim.").

Here, plaintiff does not allege that he exhausted his administrative remedies, let alone identify the federal agency before which his claim should have been brought. As such, plaintiff cannot proceed under the FTCA, and until plaintiff provides proof of exhaustion of his administrative remedies with the appropriate federal agency, this court has no jurisdiction to hear his claim under that Act.

The remaining allegations in plaintiff's complaint are similarly vague and fail to state a claim or otherwise allege facts sufficient to invoke the court's jurisdiction. For these reasons, the court must dismiss the complaint, but it will grant plaintiff leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to file an amended complaint, he is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

4

are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 8, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5