1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KENT,

11          Plaintiff,                    No. CIV S-07-2361 MCE EFB PS

12          vs.

13   PLACER COUNTY DISTRICT              <u>ORDER</u>
     ATTORNEY, et al.,
14
15          Defendants.
     _____/

16          This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On February

18   11, 2008, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28

19   U.S.C. § 1915, and dismissed his complaint with leave to amend for failure to comply with Rule

20   8 of the Federal Rules of Civil Procedure.  The original complaint failed to include a short and

21   plain statement showing entitlement to relief or grounds establishing the court's jurisdiction.

22   The amended complaint is similarly defective.  Fed. R. Civ. P. 8(a).

23          Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if

24   it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the

3    Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

4    statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

5    fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

6    *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41

7    (1957)).

8         Upon review of the amended complaint, the court has determined that it fails to comply

9    with Rule 8(a)(2), as it fails to set forth a short and plain statement showing entitlement to relief.

10   Because of this, the court is also unsatisfied that plaintiff has established jurisdiction.

11        A federal court is a court of limited jurisdiction, and may adjudicate only those cases

12   authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

13   375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer

14   "federal question" and "diversity" jurisdiction, respectively.

15        Federal question jurisdiction requires that the complaint (1) arise under a federal law or

16   the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of

17   the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific

18   subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To

19   invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse

20   citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. §

21   1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A

22   case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.

23    *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by

24   either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593,

25   594-95 (9th Cir. 1996).

26   ////

1    Here, although plaintiff appears to invoke the court's federal question jurisdiction by
2    alleging numerous violations of his constitutional rights and referring to 42 U.S.C. § 1983, mere
3    reference to federal statutes and constitutional provisions does not establish federal question
4    jurisdiction.  *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (to
5    state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded
6    complaint that there is a federal question).

7    The amended complaint is forty pages in length (not counting the forty additional pages
8    of exhibits), and consists largely of vague and confusing allegations.  While plaintiff names over
9    sixty defendants in the amended complaint, it is unclear which factual allegations are connected
10   to each defendant, and how the factual allegations coalesce to state a claim.

11   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires
12   more than labels and conclusions, and a formulaic recitation of a cause of action's elements will
13   not do."  *Twombly*, 127 S.Ct. at 1964-65.  Without the required "short and plain statement," it is
14   unclear whether plaintiff has stated a claim under § 1983, and thus, whether the court has
15   jurisdiction pursuant to 28 U.S.C. § 1331.

16   Rather than set forth specific, cognizable factual allegations against each defendant,
17   plaintiff poses a series of "federal questions" to the court.  For example, he asks the court to
18   answer whether or not certain statutes provide particular relief, whether certain conduct amounts
19   to a constitutional violation, whether certain state law provisions give a prosecutor legal standing
20   to prosecute him for up to four years, and why the state has refused to enter into contracts with
21   him when the Army Corps of Engineers has done so.  *See, e.g.,* First Amended Complaint
22   ("FAC"), ¶¶ 14, 56; 15:9-18; 25.

23   A federal court lacks the power to render advisory opinions.  *United States Nat'l Bank v.*
24   *Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993) (citing *Preiser v. Newkirk*, 422 U.S. 395,
25   401 (1975)).  The exercise of judicial power under Article III of the Constitution depends on the
26   existence of a case or controversy, and plaintiff must state facts establishing such a case or

1  controversy.  *Id.*; Fed. R. Civ. P. 8(a).

2       Plaintiff wanders on over dozens of pages announcing a litany of problems he has

3  encountered in his attempt to obtain a contractor's license from the state.  It seems that he was

4  initially denied a license because he was under eighteen years of age at the time of his first

5  application.  Although it is unclear, it seems he has been repeatedly denied a license, and then

6  was later cited for operating a business without a license.

7       In connection with this citation, plaintiff names the Placer County District Attorney's

8  Office as a defendant, apparently for failing to prosecute him for the violation.  He also asserts

9  claims against the public defender for failing to represent him in a criminal proceeding that was

10  never initiated.  It is unclear which of his constitutional rights plaintiff believes were violated by

11  these or the other named defendants.  In part, it seems that he is fearful of being prosecuted some

12  time in the future, and the effect that this has had on his ability to operate a business.  Plaintiff

13  cites to Cal. Bus. & Prof. Code § 7028.9, which sets a four-year statute of limitations on

14  prosecuting a person who works as a contractor without a license.  He seems to request an

15  advisory opinion as to whether this statute of limitation is constitutional.  *See* FAC, ¶ 56.  Again,

16  the court cannot render advisory opinions.

17       Further, plaintiff seems to think that this court has the authority to issue a "right to sue

18  letter."  He makes vague references to administrative proceedings at the state level, but the court

19  is unable to ascertain what those proceedings were, and thus whether exhaustion was required

20  before plaintiff could file a claim in this court.  In any event, this court does not issue "right to

21  sue" letters.

22       Finally, the last ten pages of the amended complaint seem to allege a due process claim in

23  connection with efforts by the City of Sacramento's Code Enforcement Division to make

24  plaintiff comply with various regulations.  It appears that plaintiff was ordered to remove a

25  mobile home from property that was zoned commercial.  *See* FAC, ¶ ¶ 70-78.

26  ////

4

To state a claim for relief under § 1983, a plaintiff must demonstrate that the defendants (1) were acting under color of state law, and (2) deprived them of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citing *Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979)). "Procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Id.* (citing *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001)).

Here, it is unclear which constitutional property interest plaintiff was allegedly deprived of, and whether or not he means to allege a denial of adequate procedural protections. Indeed, the allegations in this part of the complaint are muddled, and the court is unable to discern the facts giving rise to plaintiff's claims or what relief he seeks. For example, the court cannot tell whether plaintiff seeks to challenge as unconstitutional the citation he received, whether he asserts that he was deprived of procedural protections in connection therewith, whether he seeks declaratory relief affirming that he is entitled to have a mobile home on the commercially zoned property, or whether he means to bring an inverse condemnation action against the city.

Given the lengthy and confusing allegations in the amended complaint, the court finds that plaintiff has again failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a "pleading [that] contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs" does not comply with Rule 8).

The court will allow plaintiff another opportunity to file an amended complaint in order to clarify which claims he is asserting against each defendant. However, in an effort to assist plaintiff in filing a "short and plain statement" of the claims entitling him to relief, the court will limit the second amended complaint to fifteen pages, including exhibits. Plaintiff is advised that he need not present "evidence" in support of his claims at this phase in the litigation. A simple

1   statement of his claims is sufficient.  Indeed, the many exhibits appended to the amended

2   complaint do little to clarify his grievances.

3       Plaintiff is cautioned that failure to file an amended complaint containing a "short and

4   plain statement of the claim," may be grounds for dismissal.  *McHenry*, 84 F.3d at 1178; *Nevijel*

5   *v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  Further, "[t]he propriety of

6   dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly

7   without merit."  *McHenry*, 84 F.3d at 1179.

8       For the foregoing reasons, the court dismisses the first amended complaint with leave to

9   amend.  If plaintiff chooses to file a second amended complaint, he is informed that the court

10  cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-

11  220 requires that an amended complaint be complete in itself.  This is because, as a general rule,

12  an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57

13  (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer

14  serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the

15  original complaint which are not alleged in the amended complaint," *London v. Coopers &*

16  *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

17  are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

18      Accordingly, IT IS ORDERED that:

19      1.  Plaintiff's amended complaint is dismissed with leave to amend; and,

20      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

21  amended complaint.  The second amended complaint must not exceed fifteen pages in length,

22  including exhibits.  It must bear the docket number assigned to this case and must be labeled

23  "Second Amended Complaint."  Failure to timely file a second amended complaint that complies

24  ////

25  ////

26  ////

1   with this order and the Federal Rules of Civil Procedure may result in a recommendation this

2   action be dismissed.

3   DATED:  April 22, 2008.

4                                                                  EDMUND F. BRENNAN

5                                                                  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26