IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

    Plaintiff,                                    No. CIV S-07-2361 MCE EFB PS

    vs.

PLACER COUNTY DISTRICT                 ORDER
ATTORNEY, et al.,

    Defendants.
_____/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 11, 2008, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed his complaint with leave to amend for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The original complaint failed to include a short and plain statement showing entitlement to relief or grounds establishing the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). The court granted plaintiff leave to amend, but the amended complaint was similarly defective. Thus, in its April 23, 2008, order, the court identified the amended complaint's deficiencies and dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 8(a), with leave to file a second amended complaint within thirty days.

////

Plaintiff filed a second amended complaint on May 27, 2008, together with a request that it be deemed timely.[1] The court deems the second amended complaint timely filed, yet notes its numerous deficiencies below.

The federal *in forma pauperis* statute authorizes courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Plaintiff alleges claims against a variety of defendants with respect to two distinct series of events: one involving numerous citations for city code violations with respect to his properties, and the other involving a citation for contracting without a license. More specifically, to the extent the allegations are comprehensible, plaintiff alleges that the City of Sacramento's Code Enforcement Department, the City Manager's Office, and the Sacramento Police Department, through its various employees, conspired to deprive plaintiff of his property through issuance of meritless citations for code violations. *See* Second Amended Complaint ("SAC"), ¶¶ 14-55. He further alleges that when he challenged some of the citations at the administrative level, and prevailed, the City retaliated against him by issuing further wrongful citations and "levying liens against [his] properties," which eventually caused him to lose the properties. *Id.*, ¶¶ 38-41.

////

---

[1] Plaintiff claims he tried to place the second amended complaint in the court's drop box on May 23, 2008, but that it was closed. He states he presented the second amended complaint to the Clerk on the next available court day.

Plaintiff alleges that these actions constituted violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and various other federal statutes. Plaintiff's allegations regarding an alleged conspiracy by the Sacramento city defendants to issue meritless citations against his properties in an effort to deprive him of those properties without due process appears to satisfy the basic requirements of Fed. R. Civ. P. 8.[2] *See Armendariz v. Penman*, 75 F.3d 1311, 1320-21 (9th Cir. 1996) (allegations regarding selective enforcement of housing code stated claims under the Fourth and Fifth Amendments).

Plaintiff's remaining allegations, however, cannot be maintained. He names over thirty defendants, some of them only by first name, and seeks to pursue claims against them under statutes that either do not provide a private cause of action or do not apply given the facts alleged. Further, plaintiff alleges claims for monetary damages against several immune defendants. The court addresses these deficiencies below.

First, plaintiff alleges violations of his Eighth Amendment rights in connection with the facts summarized above, alleging that the conspiracy against him resulted in cruel and unusual punishment. However, the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence. *Graham v. Connor*, 490 U.S. 386, 393 (1989); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Here, plaintiff makes no allegations regarding a conviction, sentence or confinement, and in fact, complains that he was never prosecuted in connection with his citation for working without a valid contractor's license.

Plaintiff also alludes to violations of his "right to equal protection under the law." *See, e.g.,* SAC, ¶ 63. However, to state a claim for a violation of the equal protection clause, a

---

[2] Plaintiff's allegations, however, may be insufficient to withstand a subsequent Rule 12(b) and/or Rule 56 motion, should the remaining defendants choose to file one. *See generally Kimberlyn v. San Bernardino Police Dep't*, __ F.3d __, 2008 U.S. App. LEXIS 13844 (9th Cir. July 1, 2008) (discussing appropriateness of, and alternatives to, dismissal pursuant to Rule 8).

3

plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff fails to allege membership in a protected class, and thus has failed to state a claim for violations of his rights under the Equal Protection clause.

Similarly, his allegations regarding violations of 42 U.S.C. §§ 1985 and 1986 also fail. Section 1985 provides a cause of action for conspiracies to deprive a person of his civil rights, but applies only in cases involving discrimination against suspect or quasi-suspect classes, or against groups that have been afforded special federal protection of their civil rights. *See Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993)) (internal citations and quotations omitted). Furthermore, a plaintiff can only state a claim under 42 U.S.C. § 1986 if the complaint contains a valid claim under § 1985. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1998). Plaintiff fails to allege membership in a suspect class or group afforded special federal civil rights protection. Thus, he does not state a claim under either § 1985 or § 1986.

Plaintiff likewise fails to state a claim under 42 U.S.C. §§ 1981 and 1982. To state a claim under § 1981, plaintiff must allege racial animus on the part of the defendants. *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989). Similarly, to maintain an action under 42 U.S.C. § 1982, a plaintiff must allege that he has been deprived of rights enjoyed by white citizens. *Ehrlich v. Federal Deposit Ins. Corp.*, 357 F. Supp. 196, 198 (N.D. Ill. 1973); *Arnold v. Tiffany*, 487 F.2d 216, 217 (9th Cir. 1973). Again, plaintiff has not alleged that he was deprived of any right because of his race, and thus cannot maintain a claim under these statutes.

Neither can plaintiff maintain claims against the Placer County District Attorney and assistant prosecutors Carl Mayhew, Steven M. Dragland, and "Roxanne." Strangely, plaintiff complains that these defendants declined to prosecute him in connection with the citations for contracting without a license. His grievance appears related either to their delay in filing formal

4

charges against him or dismissing the case. *See* SAC, ¶ 74. Even assuming such conduct is actionable, prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case."). Accordingly, the named defendants are immune from suit with respect to the decision not to prosecute plaintiff.

The named state defendants are also immune. Plaintiff alleges that the California Department of Consumer Affairs, Contractors State License Board and its employees conspired against him in connection with the citation for contracting without a license. *See* SAC, ¶¶ 73-74. He seeks compensatory damages for this alleged conspiracy.

However, claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Thus, plaintiff's claims for damages against these state defendants cannot proceed.

Neither can plaintiff maintain a suit against the "Placer County Public Defenders Office," and public defenders Nicole Valintine, and "John" for failing to represent him in the criminal case that was apparently never charged. Even assuming such conduct was actionable, the public defenders are not state actors within the meaning of § 1983. *See Polk County v. Dobson*, 454 U.S. 312, 321 (1981).

Finally, plaintiff also fails to state a claim under 18 U.S.C. § 242. That criminal statute does not provide for a private right of action. *See, e.g., Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (no affirmative relief available under 18 U.S.C. § 242). Neither can plaintiff

5

1  state a claim under 42 U.S.C. § 14141, which prohibits employees of any governmental agency
2  with responsibility for the administration of juvenile justice or the incarceration of juveniles
3  from engaging in a pattern or practice of conduct that deprives one of their civil rights.  Pursuant
4  to section (b) of that statute, the power of enforcement lies with the Attorney General.  Moreover,
5  the State Contractors License Board is not a "governmental agency with responsibility for the
6  administration of juvenile justice or the incarceration of juveniles."  42 U.S.C. § 14141(a).

   As set forth above, it appears that plaintiff has only stated a claim for a constitutional violation with respect to the city defendants' alleged issuance of baseless code violations concerning plaintiff's property, and the resulting loss of those properties.  The action will proceed only on these claims against the following defendants: the City of Sacramento Code Enforcement Department, the Sacramento City Manager's Office, the Sacramento Police Department, Melody Lane, Guss Pina, Jason Contreis, Josh Pino, Ron O'Connor, Max Fernandez, Brian Ramsey, Caroline McNorton, Benjamin Rolison, and Ricardo Vargas.  For the reasons set forth above, the court finds plaintiff's remaining claims fail, and declines to order service on the other defendants.

   Plaintiff has had sufficient notice of the deficiencies in his previously lodged complaints and ample opportunity to correct them.  Plaintiff may proceed with this action on the second amended complaint, as limited by the foregoing discussion.  Any further efforts to amend must comply with the Federal Rules of Civil Procedure.

   Consistent with the foregoing, IT IS HEREBY ORDERED that:

   1. The Clerk of the Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

   2. The Clerk of the Court shall send plaintiff thirteen USM-285 forms, one summons, a copy of the second amended complaint, a form for consent to a magistrate judge, and this court's status order.

////

3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process.  Plaintiff is advised that the court anticipates that, to effect service, the U.S. Marshal will require at least:

      a.  One completed summons;

      b.  One completed USM-285 form for each defendant;

      c.  A copy of the endorsed filed second amended complaint for each defendant, with an extra copy for the U.S. Marshal; and,

      d.  A copy of this court's status order for each defendant.

4. The U.S. Marshal is directed to serve process and a copy of this court's status order, within ninety days of receipt of the required information from plaintiff, without prepayment of costs.  In the event the U.S. Marshal is unable, for any reason whatsoever, timely to effectuate service on any defendant, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

6. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED:  July 23, 2008.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE