IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

        Plaintiff,                        No. 2:07-cv-02361 MCE KJN PS

    v.

CITY OF SACRAMENTO, et al.,

        Defendants.               <u>ORDER</u>

       /

        Presently before the court is defendant City of Sacramento's ("City") motion to compel plaintiff's attendance at his own deposition and for a monetary award of $525, which constitute reasonable expenses incurred by the City in moving to compel plaintiff's deposition.[1] The City noticed plaintiff's deposition seven times over a period of approximately two years, and plaintiff sought a continuance or postponement as to all but two of those noticed dates. Plaintiff failed to file a written opposition, or any response, to the City's motion to compel.

        The court heard the City's motion to compel on its law and motion calendar on September 15, 2011. Attorney Michael A. Fry appeared on behalf of the City. Plaintiff, who is proceeding without counsel, appeared and represented himself at the hearing despite having not

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

filed any response to the motion to compel.  The undersigned has considered the City's motion, the parties' oral arguments, and appropriate portions of the record in this case and, for the reasons stated below, grants the City's motion to compel.  As noted at the hearing, plaintiff shall attend and participate in his deposition on October 4, 2011, commencing at 10:00 a.m., at the Office of the City Attorney for the City of Sacramento.  And although it presents a very close call, the undersigned denies the City's request for an order requiring plaintiff to pay $525 in reasonable expenses to the City.  However, if plaintiff fails to attend his deposition or otherwise cooperate in regards to his deposition, the undersigned invites the City to file a motion to involuntarily dismiss plaintiff's entire case pursuant to Federal Rule of Civil Procedure 41(b) and this court's Local Rules 110 and 183(a).

I.     BACKGROUND

Plaintiff filed his Second Amended Complaint on May 27, 2008 (Dkt. No. 8).  On December 30, 2009, the magistrate judge previously assigned to this case entered a Status (Pretrial Scheduling) Order, which requires the parties to complete discovery in this case on or before October 14, 2011.  (Status (Pretrial Scheduling) Order at 4, Dkt. No. 46.)

On April 7, 2010, the City noticed plaintiff's deposition for May 14, 2010.  (Fry Decl. ¶ 3 & Ex. A.)  The City represents that plaintiff was "unable to attend" his scheduled deposition, so the deposition was rescheduled.  (Fry Decl. ¶ 3.)

On April 19, the City noticed plaintiff's deposition for June 17, 2010.  (Fry Decl. ¶ 4 & Ex. B.)  As with the first scheduled date, the City represents that plaintiff was "unable to attend" the deposition, which resulted in the rescheduling of the deposition.  (Fry Decl. ¶ 4.)

On June 8, 2010, the City noticed plaintiff's deposition for July 29, 2010.  (Fry Decl. ¶ 5 & Ex. C.)  The City only represents that "[t]his deposition also had to be rescheduled," but provided no reason for the rescheduling of the July 29, 2010 deposition.  (See Fry Decl. ¶ 5.)  Plaintiff clarified at the hearing that he did not "prefer" to testify at his deposition on this date because he had a "final exam" on or around the proposed date.

1         On June 15, 2010, the City noticed plaintiff's deposition for August 5, 2010. (Fry
2 Decl. ¶ 6 & Ex. D.) The City represents that this deposition "had to be continued at the request
3 of Plaintiff." (Fry Decl. ¶ 6.)

4         On September 29, 2010, the City noticed plaintiff's deposition for October 20,
5 2010. (Fry Decl. ¶ 7 & Ex. E.) The City represents that, as with several of the previously
6 scheduled depositions, plaintiff was "unable to attend." (Fry Decl. ¶ 7.)

7         On October 19, 2010, the City noticed plaintiff's deposition for December 13,
8 2010. (Fry Decl. ¶ 8 & Ex. F.) The City canceled this deposition because of its attorney's
9 scheduling conflict. (Fry Decl. ¶ 8.)

10         On July 6, 2011, the City noticed plaintiff's deposition for July 25, 2011 (Fry
11 Decl. ¶ 9 & Ex. G.) The City represents that on July 20, 2011, plaintiff called its counsel's office
12 and informed the City's counsel's assistant that plaintiff could not attend his July 25, 2011
13 deposition. (Fry Decl. ¶ 10.) Apparently, plaintiff stated that he was in "summer school" and
14 could not attend his deposition until at least August 15, 2011. (Id.) In response, the City's
15 counsel sent a letter to plaintiff, dated July 21, 2011, which chronicled the City's efforts to
16 schedule plaintiff's deposition and notified plaintiff of the City's intention to file a motion to
17 compel plaintiff's deposition. (Id. & Ex. H.) On July 28, 2011, the City, reasonably concerned
18 that plaintiff would never participate in the taking of his deposition absent a court order, filed the
19 pending motion to compel.

20         At the hearing, plaintiff offered some unacceptable excuses for his requests to
21 continue or postpone of his deposition. Most of these excuses centered on some undocumented
22 issue that arose with plaintiff's wisdom teeth, and plaintiff's *preference* that his deposition not be
23 taken within one week of any of his school exams.

24 II.    DISCUSSION

25         The City moves to compel plaintiff's deposition after seven attempts to take
26 plaintiff's deposition during a nearly two-year period. Federal Rule of Civil Procedure 37(a)(1)

permits the filing of a motion to compel discovery after conferring in good faith in an attempt to obtain the withheld discovery.  Here, the City has reasonably noticed and repeatedly rescheduled plaintiff's deposition, and plaintiff was responsible for at least five of the continuances or postponements.  Most recently, plaintiff refused to sit for his deposition until his summer school was completed, which was unreasonable given the history of this case in regards to plaintiff's deposition.  The City has attempted to meet and confer in good faith, and plaintiff has responded by improperly delaying this case.  At this point, it readily appears to the undersigned that, despite plaintiff's contrary representations at the hearing, plaintiff will not allow his deposition to be taken by the City unless the court orders plaintiff to appear at his deposition.  Accordingly, the undersigned grants the City's motion and compels plaintiff to attend his deposition.

At the hearing, the undersigned requested that Mr. Fry propose a date, time, and location for plaintiff's deposition.  Mr. Fry proposed that plaintiff's deposition take place on October 4, 2011, beginning at 10:00 a.m., at the Sacramento City Attorney's Office.  Plaintiff was amenable to that date.  The undersigned orders that plaintiff's deposition take place on that date, at that time, and at that location unless the parties *agree* to a different date within the discovery completion period or an emergency arises that requires a scheduling change.  Plaintiff's arbitrary and unacceptable "preferences," e.g., a conflict with an examination schedule, do not constitute good cause to alter this schedule.

The City also seeks an award of $525 as reasonable expenses for having to bring this motion to compel.  Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> **(5)** *Payment of Expenses; Protective Orders.*
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

>    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>    (iii) other circumstances make an award of expenses unjust.

Additionally, Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court may sanction a party who fails to appear at his or her own deposition.[2]

The undersigned concludes that, although a close question, "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Marginally relevant is plaintiff's status as a plaintiff proceeding in forma pauperis. More important is the fact that although plaintiff delayed this case from proceeding in an efficient manner, he did not actually fail to appear at any scheduled deposition. Instead, he appears to have been in regular contact with the City's counsel regarding the scheduling and rescheduling of his deposition. Additionally, at least one of the continuances of the deposition was the result of the City's counsel's scheduling conflict. Moreover, the City appears to have delayed several months between canceling plaintiff's December 13, 2010 deposition and re-noticing plaintiff's deposition, for the seventh time, on July 6, 2011. Accordingly, the undersigned concludes that an award of reasonable expenses is not warranted.

Plaintiff is cautioned, however, that if he fails to attend his deposition or fails to act reasonably and in conformity with the rules of procedure during his deposition, the City may file a motion seeking the involuntary dismissal of plaintiff's entire action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a). Plaintiff has already been warned in this case that his failure to follow the court's rules and orders will result in sanctions including involuntary dismissal. (See Order, Apr. 23, 2008, at 6 ("Plaintiff is cautioned that failure to file an amended complaint containing a 'short and plain statement of the claim,' may be

---

[2] Technically, plaintiff did not actually fail to appear at his deposition.

grounds for dismissal."), Dkt. No. 6; Order, July 23, 2008, at 7 (service order stating that "[f]ailure to comply with this order may result in a recommendation that this action be dismissed"), Dkt. No. 9; Order to Show Cause, Nov. 24, 2008, at 2 ("Plaintiff shall show cause, in writing, within 20 days after the filing date of this order, why this case should not be dismissed for failure to comply and failure to complete service of process are required by Fed. R. Civ. P. 4(m)."), Dkt. No. 12; Order, July 7, 2009, at 2 (order regarding plaintiff's failure to oppose a motion to stay the proceedings, warning plaintiff that his failure to oppose the motion would be grounds for dismissal), Dkt. No. 28; Scheduling Order ¶ 6 (including the following warning: "Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules."), Dkt. No. 11; Order, Aug. 19, 2009, at 3 (order setting a status conference in which the parties were warned: "Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules"), Dkt. No. 37; Order, Oct. 1, 2009, at 2 (order resetting status conference and noting a previous warning that "failure to obey the Federal Rules, Local Rules, or orders of the court could result in sanctions, including a recommendation that the case be dismissed"), Dkt. No. 40.)[3]

Plaintiff is yet again warned that his failure to prosecute this action or his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

---

[3] The undersigned has similarly warned plaintiff in another case being pursued by plaintiff: Kent v. Cal. Dep't of Consumer Affairs, et al., 2:09-cv-02905 KJM KJN PS ("Kent II"). (See Kent II, Order, July 22, 2010, at 3 (service order stating that "Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed"), Dkt. No. 21; Kent II, Order, Jan. 11, 2011 (continuing hearing on motion to dismiss and warning plaintiff that his failure to prosecute and follow rules and orders will result in a dismissal pursuant to Rule 41(b)), Dkt. No. 29.)

1  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

2  Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Defendant City of Sacramento's motion to compel plaintiff's attendance at

1  his deposition (Dkt. No. 64) is granted.

2        2.    Plaintiff shall attend and testify at his deposition on October 4, 2011,
3  commencing at 10:00 a.m., at the Office of the City Attorney for the City of Sacramento.

4        3.    The City's request for an award of reasonable expenses incurred by the
5  City in having to file the motion to compel is denied.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A)(iii).

6        4.    If plaintiff fails to attend or act reasonably during his deposition, the City
7  may file a motion seeking the involuntary dismissal of plaintiff's entire action pursuant to
8  Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

9      IT IS SO ORDERED.

10  DATED:  September 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE