1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN KENT,

11              Plaintiff,                    No. 2:07-cv-02361 MCE KJN PS

12        v.

13   CITY OF SACRAMENTO, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16              Presently before the court is defendants' motion for summary judgment or partial

17   summary judgment (Dkt. No. 69), to which plaintiff filed no written opposition or statement of

18   non-opposition.[1]  Plaintiff failed to respond to defendants' motion for summary judgment despite

19   the fact that plaintiff has been repeatedly warned in this case and in a parallel action entitled <u>Kent</u>

20   <u>v. California Department of Consumer Affairs et al.</u>, 2:09-cv-02905 KJM KJN PS ("<u>Kent II</u>"),

21   that his failure to prosecute his lawsuits or to follow the court's orders, the court's Local Rules,

22   or the Federal Rules of Civil Procedure would result in a recommendation that his action be

23   dismissed.  As a result of plaintiff's failure to respond to defendants' motion for summary

24   judgment despite myriad warnings of the potential consequence of such a failure, the undersigned

25   _____

26          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   recommends that plaintiff's action be dismissed with prejudice pursuant to Federal Rule of Civil

2   Procedure 41(b) and Eastern District of California Local Rules ("Local Rules") 110 and 183(a).

3   I.      BACKGROUND

4           Plaintiff commenced this action in November 2007 (Dkt. No. 1), and filed his

5   operative Second Amended Complaint on May 27, 2008 (Dkt. No. 8).  On December 30, 2009,

6   the magistrate judge previously assigned to this case entered a Status (Pretrial Scheduling) Order,

7   which requires that all law and motion matters other than motions for continuances, temporary

8   restraining orders, or other emergency applications be heard no later than December 14, 2011.[2]

9   (Status (Pretrial Scheduling) Order at 3-4, Dkt. No. 46.)

10          On October 19, 2011, defendants filed their motion for summary judgment and

11   noticed that motion for a hearing to take place on December 8, 2011.[3]  Defendants also filed a

12   Proof of Service reflecting service of defendants' moving papers on plaintiff (Dkt. No. 70).

13          Pursuant to the court's Local Rule 230(c), plaintiff was required to file a written

14   opposition to the motion for summary judgment, or a statement of non-opposition, no later than

15   14 days prior to the December 8, 2011 hearing date, or November 24, 2011.[4]  Notably, November

16

17       [2]  This case was re-assigned to the undersigned on February 9, 2010, as a result of the
     undersigned taking the bench.  (Order of Reassignment, Dkt. No. 54.)

18

19       [3]  On September 30, 2011, plaintiff filed a motion for an extension of time to conduct further
     discovery despite the fact that the discovery deadline had not yet passed (Dkt. No. 67).  The court

20   notified plaintiff that he had defectively noticed his motion and directed plaintiff to re-notice his
     motion—which was in effect a motion to modify the scheduling order in this case—in accordance

21   with the court's Local Rule 230(b), and also contact the undersigned's Courtroom Deputy regarding
     available hearing dates.  (Minute Order, Oct. 4, 2011, Dkt. No. 68.)  Plaintiff failed to take any

22   subsequent action in regards to that motion.

23       [4]  Local Rule 230(c) provides:

24           **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of
           the motion shall be in writing and shall be filed and served not less than

25           fourteen (14) days preceding the noticed (or continued) hearing date.  A
           responding party who has no opposition to the granting of the motion shall

26           serve and file a statement to that effect, specifically designating the motion
           in question.  No party will be entitled to be heard in opposition to a motion

1   24, 2011, was the Thanksgiving holiday.  However, even providing plaintiff with the most liberal

2   and charitable reading of the Federal Rules of Civil Procedure and the court's Local Rules,

3   plaintiff was required to file a written opposition or statement of non-opposition *at the latest* on

4   November 28, 2011.  Nevertheless, plaintiff failed to file a timely written opposition to

5   defendants' motion for summary judgment or a statement of non-opposition.  Indeed, plaintiff

6   has filed nothing with the court since defendants filed their motion for summary judgment.

7          On November 28, 2011, defendants filed a notice of their intent not to file a reply

8   brief in support of the motion for summary judgment because plaintiff had failed to file and serve

9   a timely written opposition (Dkt. No. 71).  On November 29, 2011, the court vacated the hearing

10  date on defendants' motion for summary judgment in light of plaintiff's failure to oppose that

11  motion.  (Minute Order, Nov. 29, 2011, Dkt. No. 72.)

12         Considering plaintiff's status as a pro se party, the court ordinarily would have

13  continued the December 8, 2011 hearing and provided plaintiff with additional time to file a

14  response to the motion for summary judgment.  However, such a continuance is not warranted in

15  this case because plaintiff has been repeatedly warned of the consequences for failing to follow

16  the court' Local Rules, that even pro se parties must follow the Local Rules, and that his failure

17  to timely respond to a potentially dispositive motion would result in a recommendation that his

18  case be involuntarily dismissed with prejudice.  Accordingly, plaintiff cannot claim ignorance of

19  the applicable Local Rules.

20         In this case, the court has repeatedly warned plaintiff in various contexts that his

21  failure to follow the court's Local Rules, the court's orders, and the Federal Rules of Civil

22  Procedure—including his failure to respond to motions—could result in the imposition of

23  sanctions including involuntary dismissal.  (See Order, Apr. 23, 2008, at 6 ("Plaintiff is

24  cautioned that failure to file an amended complaint containing a 'short and plain statement of the

25  _____

26         at oral arguments if opposition to the motion has not been timely filed by that
           party. . . .

1   claim,' may be grounds for dismissal."), Dkt. No. 6; Order, July 23, 2008, at 7 (service order

2   stating that "[f]ailure to comply with this order may result in a recommendation that this action

3   be dismissed"), Dkt. No. 9; Scheduling Order ¶ 6 (including the following warnings: (1) "Failing

4   to obey federal or local rules, or order of this court, may result in dismissal of this action" ;

5   (2) "Even though the court will construe pro se pleadings liberally, pro se litigants must comply

6   with the procedural rules"; and (3) "the parties are cautioned that pursuant to Local Rule

7   78-230(c), opposition to granting of a motion must be filed fourteen (14) days preceding the

8   noticed hearing date"), Dkt. No. 11; Order to Show Cause, Nov. 24, 2008, at 2 ("Plaintiff shall

9   show cause, in writing, within 20 days after the filing date of this order, why this case should not

10  be dismissed for failure to comply and failure to complete service of process are required by Fed.

11  R. Civ. P. 4(m)."), Dkt. No. 12; Order to Show Cause, July 7, 2009, at 2 (addressing plaintiff's

12  failure to oppose a motion to stay the proceedings in violation of Local Rules 110, 183(a),

13  and 230(c), and warning plaintiff that his failure to oppose the motion would be grounds for

14  dismissal), Dkt. No. 28; Order, Aug. 19, 2009, at 3 (order setting a status conference in which the

15  parties were warned: (1) "Failing to obey federal or local rules, or order of this court, may result

16  in dismissal of this action"; (2) "Even though the court will construe pro se pleadings liberally,

17  pro se litigants must comply with the procedural rules"; and (3) "the parties are cautioned that

18  pursuant to Local Rule 78-230(c), opposition to granting of a motion must be filed fourteen (14)

19  days preceding the noticed hearing date"), Dkt. No. 37; Order, Oct. 1, 2009, at 2 (resetting status

20  conference and noting that the court had previously "cautioned that failure to obey the Federal

21  Rules, Local Rules, or orders of the court could result in sanctions, including a recommendation

22  that the case be dismissed"), Dkt. No. 40.)

23          Most recently, on September 16, 2011, the court granted the City of Sacramento's

24  ("City") motion to compel plaintiff to attend his deposition in this case, a motion which the City

25  filed after plaintiff's repeated failure to facilitate the taking of his deposition.  (Order, Sept. 16,

26  2011, Dkt. No. 66.)  In granting the City's motion to compel, the court provided plaintiff with the

4

following warning:

> Plaintiff is yet again warned that his failure to prosecute this action or his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:
>
> > Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

(Id. at 6-7.)

Such admonitions regarding plaintiff's obligation to follow the court's orders and applicable procedural rules—and plaintiff's failures in this regard—are not limited to this action. The court has provided numerous, similar warnings to plaintiff in Kent II.  (See Kent II, Order,

1   July 22, 2010, at 3 (ordering service of plaintiff's Ninth Amended Complaint and stating that

2   "Plaintiff's failure to comply with this order may result in a recommendation that this action be

3   dismissed"), Dkt. No. 21; <u>Kent II</u>, Order, Jan. 4, 2011 (continuing hearing on motion to dismiss

4   because of plaintiff's failure to file a written opposition and warning plaintiff that his failure to

5   prosecute and follow rules and orders will result in a dismissal pursuant to Federal Rule of Civil

6   Procedure 41(b)), Dkt. No. 29; <u>Kent II</u>, Order & Findings & Recommendations, June 28, 2011, at

7   21-22 (addressing plaintiff's failure to serve three defendants and again admonishing plaintiff

8   that his failure to prosecute his case or comply with the court's orders could result in dismissal

9   with prejudice), Dkt. No. 42; <u>Kent II</u>, Order, Sept. 29, 2011, at 2-3 (noting plaintiff's "propensity

10  to not follow the Federal Rules of Civil Procedure, the court's Local Rules, and the court's

11  orders" and warning plaintiff that "that his failure to prosecute this action or to comply with the

12  Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a

13  recommendation that his entire action be involuntarily dismissed with prejudice"), Dkt. No. 48;

14  <u>accord</u> <u>Kent II</u>, Order & Order to Show Cause, Oct. 21, 2011, at 2-4, Dkt. No. 50; <u>Kent II</u>, Order,

15  Nov. 16, 2011, at 3-5, Dkt. No. 52.)

16  II.   <u>DISCUSSION</u>

17          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may act on its

18  own accord to dismiss an action for failure to prosecute the action, failure to comply with the

19  Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to

20  comply with the court's orders.[5]  <u>See</u>, <u>e.g.</u>, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991)

21  (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells</u>

22  <u>Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005)

23  (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

24  _____

25          [5]  Federal Rule of Civil Procedure 41(b) provides, in relevant part: "**(b) Involuntary**
    **Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order,
26  a defendant may move to dismiss the action or any claim against it."

1    *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

2    court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

3    Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

4    any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639,

5    642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

6    habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003).  This

7    court's Local Rules are in accord.  See Local Rule 110 ("Failure of counsel or of a party to

8    comply with these Rules or with any order of the Court may be grounds for imposition by the

9    Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

10   Court."); Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal

11   Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among

12   other things, dismissal of that party's action).

13          A court must weigh five factors in determining whether to dismiss a case for

14   failure to prosecute, failure to comply with a court order, or failure to comply with a district

15   court's local rules or the Federal Rules of Civil Procedure.  See, e.g., Ferdik, 963 F.2d at 1260.

16   Specifically, the court must consider:

17                  (1) the public's interest in expeditious resolution of litigation;
                    (2) the court's need to manage its docket; (3) the risk of prejudice
18                  to the defendants; (4) the public policy favoring disposition of
                    cases on their merits; and (5) the availability of less drastic
19                  alternatives.

20   Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

21   Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

22   "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

23   way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

24   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

25          Although involuntary dismissal can be a harsh remedy, the relevant factors weigh

26   in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.

7

1    Plaintiff's failure to file a written opposition or statement of non-opposition to defendants'

2    motion for summary judgment despite clear warnings of the consequences for such a failure,

3    strongly suggests that plaintiff has abandoned this action or is not interested in seriously

4    prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The

5    public's interest in expeditious resolution of litigation always favors dismissal.").  Indeed, in

6    Kent II, the court recently noted that plaintiff has repeatedly sought to extend filing deadlines on

7    the grounds that he does not "have the time" to meet his deadlines.  The court stated:

8              Finally, the undersigned addresses two additional matters.  First,
       the undersigned addresses plaintiff's ongoing attempts to seek relief from
9      this court on the grounds that he "does not have time" to perform certain
       required acts.  On at least three occasions in this case, plaintiff has sought
10     extensions of time based on his purported lack of time (see Dkt. Nos. 30,
       43, 51).  Plaintiff's reliance on his purported lack of time is entirely
11     inappropriate and does not provide a proper basis for an extension of time.
       If plaintiff truly does not have time to prosecute the lawsuit that he filed,
12     he should simply dismiss his case.  Plaintiff should understand in no
       uncertain terms that the filing of a lawsuit is not a game or a hobby.
13
              Second, the undersigned notes that, to date, the court has been
14     extremely lenient with plaintiff.  Although the undersigned has repeatedly
       warned plaintiff of the consequences for delaying this action and not
15     obeying the court's orders and applicable procedural rules, the undersigned
       has not actually sanctioned plaintiff or recommended the dismissal of
16     plaintiff's case.  As a result, plaintiff might believe that the undersigned's
       warnings are hollow and that the court will never actually sanction
17     plaintiff.  If such is the case, plaintiff should cease laboring under such an
       incorrect assumption.
18

19   (See Kent II, Order, Nov. 16, 2011, at 2-3.)  Despite this clear warning to plaintiff on November

20   16, 2011, which was only one in a long list of similar admonitions in Kent II and this case,

21   plaintiff still failed to respond to defendants' motion for summary judgment in this case.  Any

22   further time spent by the court on this case, which plaintiff has demonstrated a lack of any

23   serious intention to pursue, will continue to consume scarce judicial resources and take away

24   from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have

25   inherent power to manage their dockets without being subject to noncompliant litigants).

26              In addition, the third factor, which considers prejudice to a defendant as a result of

8

1  plaintiff's failure to timely oppose a dispositive motion, favors dismissal.  See Ferdik, 963 F.2d

2  at 1262.  Defendants in this action have diligently pursued their defense of plaintiff's claims

3  since this action was filed in 2007, and, in that regard filed a dispositive motion within the time

4  prescribed by the court.  Yet plaintiff chose not to respond to that motion and thereby prevented

5  the efficient resolution of a case that has been pending for four years.  Plaintiff's failure to

6  oppose the motion or communicate with the court or explain his non-participation in this

7  litigation, raises the real possibility that defendants might be forced to unnecessarily engage in

8  further litigation against claims that plaintiff does not appear to value enough to pursue in a

9  serious manner.  Such unreasonable delay is presumed to be prejudicial.  See, e.g., In re

10  Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

11          The fifth factor, which considers the availability of less drastic measures, also

12  supports dismissal of this action.  As noted above, the court has actually pursued remedies that

13  are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

14  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

15  actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

16  Malone v. Frank, 488 U.S. 819 (1988).  In both this case and in Kent II, the court previously

17  excused plaintiff's initial failures to oppose various motions and granted plaintiff additional time

18  to file oppositions or statements of non-opposition.  In each such instance, the court advised

19  plaintiff of the requirement of opposing motions and informed him of the requirements of the

20  Local Rules.  Furthermore, the court has advised plaintiff *ad nauseam* that he is required to

21  comply with the court's Local Rules and the Federal Rules of Civil Procedure even though he is

22  proceeding without counsel.  It has also warned plaintiff in clear terms that failure to comply

23  with the court's orders and Local Rules would result in a recommendation of dismissal with

24  prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or her action on

25  the merits will result in dismissal satisfies the requirement that the court consider the alternatives.

26  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning

9

1   to a party that his failure to obey the court's order will result in dismissal can satisfy the

2   'consideration of alternatives' requirement.") (citing <u>Malone</u>, 833 F.2d at 132-33).  At this

3   juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

4   This finding is supported by the fact that plaintiff is proceeding in this case in forma pauperis,

5   which in turn suggests that plaintiff would be unable to pay any monetary sanction imposed in

6   lieu of dismissal.

7           The court also recognizes the importance of giving due weight to the fourth factor,

8   which addresses the public policy favoring disposition of cases on the merits.  However, for the

9   reasons set forth above, factors one, two, three, and five strongly support a recommendation of

10  dismissal of this action, and the fourth factor does not materially counsel otherwise.  Dismissal is

11  proper "where at least four factors support dismissal or where at least three factors 'strongly'

12  support dismissal."  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations

13  and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

14  outweigh the general public policy favoring disposition of actions on their merits.  See <u>Ferdik</u>,

15  963 F.2d at 1263.

16  III.    <u>CONCLUSION</u>

17          For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's case

18  be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Eastern

19  District of California Local Rules 110 and 183(a).

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b).

24  Such a document should be captioned "Objections to Magistrate Judge's Findings and

25  Recommendations."  Any response to the objections shall be filed with the court and served on

26  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

1    Failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

3    1153, 1156-57 (9th Cir. 1991).

4                 IT IS SO RECOMMENDED.

5    DATED:  December 1, 2011

6

7                                        _____

8                                          KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26