IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

        Plaintiff,                  No. 2:07-cv-02361 MCE KJN PS

    v.

CITY OF SACRAMENTO, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS
_____/

        Presently before the court is defendants' motion for summary judgment or partial summary judgment (Dkt. No. 69), to which plaintiff filed no written opposition or statement of non-opposition.[1] Plaintiff failed to respond to defendants' motion for summary judgment despite the fact that plaintiff has been repeatedly warned in this case and in a parallel action entitled Kent v. California Department of Consumer Affairs et al., 2:09-cv-02905 KJM KJN PS ("Kent II"), that his failure to prosecute his lawsuits or to follow the court's orders, the court's Local Rules, or the Federal Rules of Civil Procedure would result in a recommendation that his action be dismissed. As a result of plaintiff's failure to respond to defendants' motion for summary judgment despite myriad warnings of the potential consequence of such a failure, the undersigned

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

recommends that plaintiff's action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of California Local Rules ("Local Rules") 110 and 183(a).

I.  BACKGROUND

Plaintiff commenced this action in November 2007 (Dkt. No. 1), and filed his operative Second Amended Complaint on May 27, 2008 (Dkt. No. 8). On December 30, 2009, the magistrate judge previously assigned to this case entered a Status (Pretrial Scheduling) Order, which requires that all law and motion matters other than motions for continuances, temporary restraining orders, or other emergency applications be heard no later than December 14, 2011.[2] (Status (Pretrial Scheduling) Order at 3-4, Dkt. No. 46.)

On October 19, 2011, defendants filed their motion for summary judgment and noticed that motion for a hearing to take place on December 8, 2011.[3] Defendants also filed a Proof of Service reflecting service of defendants' moving papers on plaintiff (Dkt. No. 70).

Pursuant to the court's Local Rule 230(c), plaintiff was required to file a written opposition to the motion for summary judgment, or a statement of non-opposition, no later than 14 days prior to the December 8, 2011 hearing date, or November 24, 2011.[4] Notably, November

---

[2] This case was re-assigned to the undersigned on February 9, 2010, as a result of the undersigned taking the bench. (Order of Reassignment, Dkt. No. 54.)

[3] On September 30, 2011, plaintiff filed a motion for an extension of time to conduct further discovery despite the fact that the discovery deadline had not yet passed (Dkt. No. 67). The court notified plaintiff that he had defectively noticed his motion and directed plaintiff to re-notice his motion—which was in effect a motion to modify the scheduling order in this case—in accordance with the court's Local Rule 230(b), and also contact the undersigned's Courtroom Deputy regarding available hearing dates. (Minute Order, Oct. 4, 2011, Dkt. No. 68.) Plaintiff failed to take any subsequent action in regards to that motion.

[4] Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion

2

24, 2011, was the Thanksgiving holiday. However, even providing plaintiff with the most liberal and charitable reading of the Federal Rules of Civil Procedure and the court's Local Rules, plaintiff was required to file a written opposition or statement of non-opposition *at the latest* on November 28, 2011. Nevertheless, plaintiff failed to file a timely written opposition to defendants' motion for summary judgment or a statement of non-opposition. Indeed, plaintiff has filed nothing with the court since defendants filed their motion for summary judgment.

On November 28, 2011, defendants filed a notice of their intent not to file a reply brief in support of the motion for summary judgment because plaintiff had failed to file and serve a timely written opposition (Dkt. No. 71). On November 29, 2011, the court vacated the hearing date on defendants' motion for summary judgment in light of plaintiff's failure to oppose that motion. (Minute Order, Nov. 29, 2011, Dkt. No. 72.)

Considering plaintiff's status as a pro se party, the court ordinarily would have continued the December 8, 2011 hearing and provided plaintiff with additional time to file a response to the motion for summary judgment. However, such a continuance is not warranted in this case because plaintiff has been repeatedly warned of the consequences for failing to follow the court' Local Rules, that even pro se parties must follow the Local Rules, and that his failure to timely respond to a potentially dispositive motion would result in a recommendation that his case be involuntarily dismissed with prejudice. Accordingly, plaintiff cannot claim ignorance of the applicable Local Rules.

In this case, the court has repeatedly warned plaintiff in various contexts that his failure to follow the court's Local Rules, the court's orders, and the Federal Rules of Civil Procedure—including his failure to respond to motions—could result in the imposition of sanctions including involuntary dismissal. (See Order, Apr. 23, 2008, at 6 ("Plaintiff is cautioned that failure to file an amended complaint containing a 'short and plain statement of the

---

at oral arguments if opposition to the motion has not been timely filed by that party. . . .

3

claim,' may be grounds for dismissal."), Dkt. No. 6; Order, July 23, 2008, at 7 (service order stating that "[f]ailure to comply with this order may result in a recommendation that this action be dismissed"), Dkt. No. 9; Scheduling Order ¶ 6 (including the following warnings: (1) "Failing to obey federal or local rules, or order of this court, may result in dismissal of this action" ; (2) "Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules"; and (3) "the parties are cautioned that pursuant to Local Rule 78-230(c), opposition to granting of a motion must be filed fourteen (14) days preceding the noticed hearing date"), Dkt. No. 11; Order to Show Cause, Nov. 24, 2008, at 2 ("Plaintiff shall show cause, in writing, within 20 days after the filing date of this order, why this case should not be dismissed for failure to comply and failure to complete service of process are required by Fed. R. Civ. P. 4(m)."), Dkt. No. 12; Order to Show Cause, July 7, 2009, at 2 (addressing plaintiff's failure to oppose a motion to stay the proceedings in violation of Local Rules 110, 183(a), and 230(c), and warning plaintiff that his failure to oppose the motion would be grounds for dismissal), Dkt. No. 28; Order, Aug. 19, 2009, at 3 (order setting a status conference in which the parties were warned: (1) "Failing to obey federal or local rules, or order of this court, may result in dismissal of this action"; (2) "Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules"; and (3) "the parties are cautioned that pursuant to Local Rule 78-230(c), opposition to granting of a motion must be filed fourteen (14) days preceding the noticed hearing date"), Dkt. No. 37; Order, Oct. 1, 2009, at 2 (resetting status conference and noting that the court had previously "cautioned that failure to obey the Federal Rules, Local Rules, or orders of the court could result in sanctions, including a recommendation that the case be dismissed"), Dkt. No. 40.)

        Most recently, on September 16, 2011, the court granted the City of Sacramento's ("City") motion to compel plaintiff to attend his deposition in this case, a motion which the City filed after plaintiff's repeated failure to facilitate the taking of his deposition. (Order, Sept. 16, 2011, Dkt. No. 66.) In granting the City's motion to compel, the court provided plaintiff with the

following warning:

> Plaintiff is yet again warned that his failure to prosecute this action or his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:
>
>> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.
>
> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

(Id. at 6-7.)

Such admonitions regarding plaintiff's obligation to follow the court's orders and applicable procedural rules—and plaintiff's failures in this regard—are not limited to this action. The court has provided numerous, similar warnings to plaintiff in Kent II. (See Kent II, Order,

July 22, 2010, at 3 (ordering service of plaintiff's Ninth Amended Complaint and stating that "Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed"), Dkt. No. 21; Kent II, Order, Jan. 4, 2011 (continuing hearing on motion to dismiss because of plaintiff's failure to file a written opposition and warning plaintiff that his failure to prosecute and follow rules and orders will result in a dismissal pursuant to Federal Rule of Civil Procedure 41(b)), Dkt. No. 29; Kent II, Order & Findings & Recommendations, June 28, 2011, at 21-22 (addressing plaintiff's failure to serve three defendants and again admonishing plaintiff that his failure to prosecute his case or comply with the court's orders could result in dismissal with prejudice), Dkt. No. 42; Kent II, Order, Sept. 29, 2011, at 2-3 (noting plaintiff's "propensity to not follow the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders" and warning plaintiff that "that his failure to prosecute this action or to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice"), Dkt. No. 48; accord Kent II, Order & Order to Show Cause, Oct. 21, 2011, at 2-4, Dkt. No. 50; Kent II, Order, Nov. 16, 2011, at 3-5, Dkt. No. 52.)

II.     DISCUSSION

      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may act on its own accord to dismiss an action for failure to prosecute the action, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[5]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

---

[5] Federal Rule of Civil Procedure 41(b) provides, in relevant part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

6

*sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003). This court's Local Rules are in accord. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

        A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules or the Federal Rules of Civil Procedure. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

        Although involuntary dismissal can be a harsh remedy, the relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action.

7

Plaintiff's failure to file a written opposition or statement of non-opposition to defendants' motion for summary judgment despite clear warnings of the consequences for such a failure, strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Indeed, in Kent II, the court recently noted that plaintiff has repeatedly sought to extend filing deadlines on the grounds that he does not "have the time" to meet his deadlines.  The court stated:

> Finally, the undersigned addresses two additional matters.  First, the undersigned addresses plaintiff's ongoing attempts to seek relief from this court on the grounds that he "does not have time" to perform certain required acts.  On at least three occasions in this case, plaintiff has sought extensions of time based on his purported lack of time (see Dkt. Nos. 30, 43, 51).  Plaintiff's reliance on his purported lack of time is entirely inappropriate and does not provide a proper basis for an extension of time.  If plaintiff truly does not have time to prosecute the lawsuit that he filed, he should simply dismiss his case.  Plaintiff should understand in no uncertain terms that the filing of a lawsuit is not a game or a hobby.
>
> Second, the undersigned notes that, to date, the court has been extremely lenient with plaintiff.  Although the undersigned has repeatedly warned plaintiff of the consequences for delaying this action and not obeying the court's orders and applicable procedural rules, the undersigned has not actually sanctioned plaintiff or recommended the dismissal of plaintiff's case.  As a result, plaintiff might believe that the undersigned's warnings are hollow and that the court will never actually sanction plaintiff.  If such is the case, plaintiff should cease laboring under such an incorrect assumption.

(See Kent II, Order, Nov. 16, 2011, at 2-3.)  Despite this clear warning to plaintiff on November 16, 2011, which was only one in a long list of similar admonitions in Kent II and this case, plaintiff still failed to respond to defendants' motion for summary judgment in this case.  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will continue to consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of

plaintiff's failure to timely oppose a dispositive motion, favors dismissal. See Ferdik, 963 F.2d at 1262. Defendants in this action have diligently pursued their defense of plaintiff's claims since this action was filed in 2007, and, in that regard filed a dispositive motion within the time prescribed by the court. Yet plaintiff chose not to respond to that motion and thereby prevented the efficient resolution of a case that has been pending for four years. Plaintiff's failure to oppose the motion or communicate with the court or explain his non-participation in this litigation, raises the real possibility that defendants might be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue in a serious manner. Such unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

        The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988). In both this case and in Kent II, the court previously excused plaintiff's initial failures to oppose various motions and granted plaintiff additional time to file oppositions or statements of non-opposition. In each such instance, the court advised plaintiff of the requirement of opposing motions and informed him of the requirements of the Local Rules. Furthermore, the court has advised plaintiff *ad nauseam* that he is required to comply with the court's Local Rules and the Federal Rules of Civil Procedure even though he is proceeding without counsel. It has also warned plaintiff in clear terms that failure to comply with the court's orders and Local Rules would result in a recommendation of dismissal with prejudice. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning

1  to a party that his failure to obey the court's order will result in dismissal can satisfy the
2  'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this
3  juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.
4  This finding is supported by the fact that plaintiff is proceeding in this case in forma pauperis,
5  which in turn suggests that plaintiff would be unable to pay any monetary sanction imposed in
6  lieu of dismissal.

7  The court also recognizes the importance of giving due weight to the fourth factor,
8  which addresses the public policy favoring disposition of cases on the merits.  However, for the
9  reasons set forth above, factors one, two, three, and five strongly support a recommendation of
10 dismissal of this action, and the fourth factor does not materially counsel otherwise.  Dismissal is
11 proper "where at least four factors support dismissal or where at least three factors 'strongly'
12 support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
13 and quotation marks omitted).  Under the circumstances of this case, the other relevant factors
14 outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,
15 963 F.2d at 1263.

16 III.    CONCLUSION

17 For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's case
18 be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Eastern
19 District of California Local Rules 110 and 183(a).

20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
24 Such a document should be captioned "Objections to Magistrate Judge's Findings and
25 Recommendations."  Any response to the objections shall be filed with the court and served on
26 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

1  Failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

3  1153, 1156-57 (9th Cir. 1991).

4  　　　　　　IT IS SO RECOMMENDED.

5  DATED:  December 1, 2011

7  _____
KENDALL J. NEWMAN
8  UNITED STATES MAGISTRATE JUDGE